**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Mark Woody d/b/a Kindred Wealth,

      Plaintiff,

v.

Kindred Spirits Wealth Management,
LLC,

      Defendant.

Case No. _____

**COMPLAINT**
**JURY TRIAL DEMANDED**

---

## COMPLAINT

Plaintiff Mark Woody, for his Complaint against Defendant Kindred Spirits Wealth Management, LLC, alleges as follows:

## THE PARTIES

1. Mark Woody is an individual residing in Norman, Oklahoma.

2. Kindred Spirits Wealth Management, LLC is a Minnesota limited liability company with its registered office located in Bloomington, Minnesota.

## JURISDICTION, VENUE AND JOINDER

3. This is a civil action for trademark infringement and unfair competition, arising under the United States Trademark Act, 15 U.S.C. §§ 1051 et seq., and for trademark infringement and unfair competition under the laws of the State of Minnesota. The Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c). Defendant is subject to the personal jurisdiction of this Court by virtue of the fact that, among other things, Defendant is a Minnesota resident, and provides financial services to residents in this District.

## FACTUAL BACKGROUND

5. Mark Woody is a financial services professional. Mr. Woody holds numerous certifications in the financial services industry, where he has worked since 1989. Mr. Woody is licensed to provide financial services in 40 states across the country.

6. Mr. Woody is the Chief Executive Officer of MEW Practice Management, LLC, which does business under the name KINDRED WEALTH. KINDRED WEALTH has its registered office in Norman, Oklahoma. In addition to being the Chief Executive Officer, Mr. Woody is also the Registered Agent for MEW Practice Management, LLC.

7. KINDRED WEALTH operates as a private wealth advisory practice of Ameriprise Financial Services, LLC. KINDRED WEALTH provides personalized financial planning and investment guidance to individuals and families nationwide, with offices in Norman, Oklahoma, and Murfreesboro and Nashville, Tennessee.

8. KINDRED WEALTH opened its first private wealth advisory office in Norman, Oklahoma, in or around 2010.

9. Since at least 2013, KINDRED WEALTH has used the marks KINDRED and KINDRED WEALTH to identify its private wealth advisory practice, and to distinguish its practice from those of others.

2

10.   KINDRED WEALTH has experienced significant success.  KINDRED WEALTH now has offices in Murfreesboro and Nashville, Tennessee, which opened in November 2023.

11.   KINDRED WEALTH and Mr. Woody have received extensive recognition for their private wealth advisory services.  Forbes has recognized KINDRED WEALTH as a Best-in-State Wealth Management Team for 2023-2026; and Mr. Woody as a Best-in-State Wealth Advisor for 2018-2025.  Ameriprise has recognized KINDRED WEALTH with its Client Experience Award in 2020, 2023, and 2024; and Mr. Woody with its Circle of Success honor in 2009-2022, 2024.  Ameriprise inducted Mr. Woody into its Circle of Success Hall of Fame in 2023.

12.   KINDRED WEALTH has developed significant goodwill associated with the KINDRED and KINDRED WEALTH marks among private wealth advisory customers, thanks to the way "kindred," which traditionally refers to people connected by family, spirit, or shared values, defines its culture, which is "built on trust, mutual care, and collective commitment."

13.   Mr. Woody is the owner of U.S. Trademark Registration No. 4,676,490 for the mark KINDRED, for use in "financial planning and investment advisory services." The KINDRED mark was registered on January 20, 2015.

14.   Mr. Woody is the owner of U.S. Trademark Registration No. 7,500,366 for the mark KINDRED WEALTH, for use in "financial planning and investment advisory services."  The KINDRED WEALTH mark was registered on September 10, 2024.

3

15. The marks KINDRED and KINDRED WEALTH are inherently distinctive, strong, famous, and deserving of a broad scope of protection.

16. Mr. Woody's registration of the marks KINDRED and KINDRED WEALTH are valid, subsisting, conclusive evidence of the validity of the marks, Mr. Woody's ownership of the marks, and Mr. Woody's exclusive right to use the marks KINDRED and KINDRED WEALTH in commerce in connection with financial planning and investment advisory services.

17. The marks KINDRED and KINDRED WEALTH have become increasingly well-known due to the goodwill created by clients' recognition of the services provided by KINDRED WEALTH's professionals.  KINDRED WEALTH has spent considerable amounts of time and money over the approximately eleven years it has used the KINDRED mark, and the two-plus years it has used the KINDRED WEALTH mark, to market, advertise, and promote the KINDRED WEALTH brand.  As a result, consumers associate the marks KINDRED and KINDRED WEALTH with KINDRED WEALTH's private wealth advisory services.

18. Kindred Spirits Wealth Management, LLC operates a wealth management firm in Bloomington, Minnesota.

19. Sarah Houle-Johns is the co-founder and Manager of KINDRED SPIRITS WEALTH MANAGEMENT and serves as a Wealth Advisor.

20. Ms. Houle-Johns's BrokerCheck Report, available at www.finra.org/brokercheck, states that she is registered with LPL Financial LLC, and is licensed to provide financial services in approximately 19 states.

21.     Kimberly Ritter is a co-founder of KINDRED SPIRITS WEALTH MANAGEMENT and serves as a Wealth Advisor.

22.     Mr. Ritter's BrokerCheck Report, available at www.finra.org/brokercheck, states that she is registered with LPL Financial LLC, and is licensed to provide financial services in approximately 20 states.

23.     The KINDRED SPIRITS WEALTH MANAGEMENT website indicates that LPL Financial registered representatives, which includes Ms. Houle-Johns and Ms. Ritter, may "discuss and/or transact business only with residents of states in which they are properly registered or licensed."

24.     The following table illustrates overlap in states where Mr. Woody, Ms. Houle-Johns, and Ms. Ritter are licensed to provide financial services.

| State | Mr. Woody | Ms. Houle-Johns | Ms. Ritter |
|-------|-----------|-----------------|------------|
| Alabama | X | | |
| Arizona | X | X | X |
| Arkansas | X | | |
| California | X | X | X |
| Colorado | X | X | X |
| Connecticut | X | | |
| Delaware | X | | |
| District of Columbia | X | | |
| Florida | X | X | X |
| Georgia | X | | |
| Illinois | X | X | X |
| Indiana | X | | |

| Iowa | X | X | X |
|---|---|---|---|
| Kansas | X | | |
| Kentucky | X | | |
| Louisiana | X | X | X |
| Maine | X | | |
| Maryland | X | | |
| Massachusetts | X | | |
| Michigan | X | X | X |
| Minnesota | X | X | X |
| Mississippi | X | | |
| Missouri | X | | |
| Nevada | X | X | X |
| New Jersey | X | X | X |
| New Mexico | X | | |
| New York | X | | X |
| North Carolina | X | X | X |
| Ohio | X | | |
| Oklahoma | X | | |
| Oregon | X | | |
| Pennsylvania | X | | |
| Rhode Island | X | | |
| South Carolina | X | X | X |
| Tennessee | X | | |
| Texas | X | X | X |
| Utah | X | | |
| Virginia | X | X | X |
| Washington | X | | |
| Wisconsin | X | X | X |

25.     On information and belief, Defendant has established a presence on social media, including on LinkedIn, using the KINDRED SPIRITS WEALTH MANAGEMENT name.

26.     On information and belief, Defendant owns and operates the website with the domain name www.kindredspiritswealthmanagement.com.

27.     KINDRED SPIRITS WEALTH MANAGEMENT provides private wealth management services.  The KINDRED SPIRITS WEALTH MANAGEMENT website lists the following services: Retirement Planning, Portfolio Management, Estate and Trust Planning, and Tax Planning.

28.     Defendant's KINDRED SPIRITS WEALTH MANAGEMENT and Plaintiff's KINDRED WEALTH private wealth management practices are encountered by the same purchasers, in the same marketplaces, under circumstances likely to give rise to the mistaken belief that the practices are related.

29.     But they are not.  There is no affiliation, connection, or association between KINDRED WEALTH and Defendant.  KINDRED WEALTH does not sponsor or approve Defendant's private wealth management services.

30.     Defendant's use of the name KINDRED SPIRITS WEALTH MANAGEMENT in connection with private wealth management services, and its emphasis on the word "kindred", is likely to confuse or create a false affiliation with KINDRED WEALTH because KINDRED SPIRITS WEALTH MANAGEMENT includes the words KINDRED and WEALTH in its name.

31.     The following table illustrates how KINDRED SPIRITS WEALTH MANAGEMENT'S use of the KINDRED and KINDRED WEALTH marks in conjunction with providing private wealth management services is likely to confuse or create a false affiliation with KINDRED WEALTH.

| | KINDRED WEALTH (Plaintiff) | KINDRED SPIRITS WEALTH MANAGEMENT (Defendant) |
|---|---|---|
| Services Offered | Investment Advice Retirement Planning, Portfolio Management, Multigenerational Planning Tax Planning Insurance Products Annuity Products | Investment Advice Retirement Planning, Portfolio Management, Estate Planning Tax Planning Insurance Products Annuity Products |
| Advisors' State Licensures | 40+ (including 17 that overlap with Defendant's advisors). | 20+ (including 17 that overlap with Mr. Woody alone). |

32.     Defendant's continued infringement will cause irreparable harm unless enjoined by this Court.

## COUNT I – UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125 – U.S. TRADEMARK REG. NO. 4,676,490 ("KINDRED")

33.     Plaintiff realleges the allegations in the preceding paragraphs as if fully restated in Count I of this Complaint.

34.     Plaintiff uses the KINDRED mark in commerce.

35.     Customers associate the KINDRED mark with Plaintiff's private wealth management services, and there is considerable goodwill associated with the KINDRED mark.

36.     Defendant has been using the KINDRED mark in connection with its own private wealth management services.

37.     Defendant's use of the KINDRED mark has and is likely to cause confusion as to the affiliation, connection, or association of Defendant or its products with Plaintiff's KINDRED WEALTH private wealth management services.

38.     Defendant's use of the KINDRED mark has and is likely to cause confusion as to the origin of Defendant's products.

39.     On October 9, 2025, Plaintiff sent a letter to Defendant demanding that it cease and desist from using the KINDRED name.

40.     On July 16, 2026, Plaintiff sent another letter to Defendant demanding that it cease and desist from using the KINDRED name.

41.     Defendant refuses to stop using the confusingly similar KINDRED SPIRITS WEALTH MANAGEMENT name.

42.     Upon information and belief, Defendant's violation is and has been willful, intentional, and in conscious disregard of Plaintiff's rights.

43.     Defendant's activities also constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Upon information and belief, Defendant's violation of Section 43(a) of the Lanham Act is and has been willful, intentional, and in conscious disregard of Plaintiff's rights.

44.     As a direct result of Defendant's unlawful conduct, Plaintiff has been and will continue to be irreparably and substantially harmed and injured.  If Defendant is permitted to continue, Plaintiff will sustain further loss, damage, and irreparable injury.

Plaintiff is further entitled to all other remedies set forth in Sections 35 and 36 of the Lanham Act, 15 U.S.C. §§ 1117 and 1118.

45.     Plaintiff is entitled to recover damages in excess of $75,000, the precise amount to be determined at trial.

### COUNT II – UNFAIR COMPETITION IN VIOLATION OF 15 U.S.C. § 1125 – U.S. TRADEMARK REG. NO. 7,500,366 ("KINDRED WEALTH")

46.     Plaintiff realleges the allegations in the preceding paragraphs as if fully restated in Count II of this Complaint.

47.     Plaintiff uses the KINDRED WEALTH mark in commerce.

48.     Customers associate the KINDRED WEALTH mark with the Plaintiff's private wealth management services, and there is considerable goodwill associated with the KINDRED WEALTH mark.

49.     Defendant has been using the KINDRED WEALTH mark in connection with its own private wealth management services.

50.     Defendant's use of the KINDRED WEALTH mark has and is likely to cause confusion as to the affiliation, connection, or association of Defendant or its products with Plaintiff's KINDRED WEALTH private wealth management services.

51.     Defendant's use of the KINDRED WEALTH mark has and is likely to cause confusion as to the origin of Defendant's products.

52.     On October 9, 2025, Plaintiff sent a letter to Defendant demanding that it cease and desist from using the KINDRED WEALTH name.

53. On July 16, 2026, Plaintiff sent another letter to Defendant demanding that it cease and desist from using the KINDRED WEALTH name.

54. Defendant refuses to stop using the confusingly similar KINDRED SPIRITS WEALTH MANAGEMENT name.

55. Upon information and belief, Defendant's violation is and has been willful, intentional, and in conscious disregard of Plaintiff's rights.

56. Defendant's activities also constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Upon information and belief, Defendant's violation of Section 43(a) of the Lanham Act is and has been willful, intentional, and in conscious disregard of Plaintiff's rights.

57. As a direct result of Defendant's unlawful conduct, Plaintiff has been and will continue to be irreparably and substantially harmed and injured.  If Defendant is permitted to continue, Plaintiff will sustain further loss, damage, and irreparable injury. Plaintiff is further entitled to all other remedies set forth in Sections 35 and 36 of the Lanham Act, 15 U.S.C. §§ 1117 and 1118.

58. Plaintiff is entitled to recover damages in excess of $75,000, the precise amount to be determined at trial.

**COUNT III – UNFAIR COMPETITION IN VIOLATION OF MINN. STAT. § 325D.44 – "KINDRED"**

59. Plaintiff realleges the allegations in the preceding paragraphs as if fully restated in Count III of this Complaint.

60. Plaintiff uses the KINDRED mark in commerce.

61.     Customers associate the KINDRED mark with Plaintiff's KINDRED WEALTH private wealth management services, and there is considerable goodwill associated with the KINDRED mark.

62.     Defendant has been using the name KINDRED SPIRITS WEALTH MANAGEMENT in connection with its own private wealth management services.

63.     Defendant's use of the KINDRED mark is likely to cause confusion or misunderstanding as to the affiliation, connection, or association of Defendant or its goods or services with Plaintiff's KINDRED WEALTH private wealth management services.

64.     Defendant's use of the KINDRED mark is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods or services.

65.     Defendant's actions constitute unfair and deceptive trade practices in violation of Minn. Stat. § 325D.44.

66.     Plaintiff has suffered or will likely suffer harm proximately caused by Defendant's trademark infringement.  Plaintiff is entitled to injunctive relief to prevent future injury.

### COUNT IV – UNFAIR COMPETITION IN VIOLATION OF MINN. STAT. § 325D.44  – "KINDRED WEALTH"

67.     Plaintiff realleges the allegations in the preceding paragraphs as if fully restated in Count IV of this Complaint.

68.     Plaintiff uses the KINDRED WEALTH mark in commerce.

69.     Customers associate the KINDRED WEALTH mark with Plaintiff's KINDRED WEALTH private wealth management services, and there is considerable goodwill associated with the KINDRED WEALTH mark.

70.     Defendant has been using the name KINDRED SPIRITS WEALTH MANAGEMENT in connection with its own private wealth management services.

71.     Defendant's use of the KINDRED WEALTH mark is likely to cause confusion or misunderstanding as to the affiliation, connection, or association of Defendant or its goods or services with Plaintiff's KINDRED WEALTH private wealth management services.

72.     Defendant's use of the KINDRED WEALTH mark is likely to cause confusion or misunderstanding as to the source, sponsorship, approval, or certification of Defendant's goods or services.

73.     Defendant's actions constitute unfair and deceptive trade practices in violation of Minn. Stat. § 325D.44.

74.     Plaintiff has suffered or will likely suffer harm proximately caused by Defendant's trademark infringement.  Plaintiff is entitled to injunctive relief to prevent future injury.

### COUNT V – TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114 – U.S. TRADEMARK REG. NO. 4,676,490 ("KINDRED")

75.     Plaintiff realleges the allegations in the preceding paragraphs as if fully restated in Count V of this Complaint.

76.     This Count states a claim arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and is an action for infringement of Plaintiff's KINDRED mark.

77.     Plaintiff is the owner of U.S. Trademark Registration No. 4,676,490 for the mark KINDRED, for use in "financial planning and investment advisory services."  The KINDRED mark was registered on January 20, 2015. The mark is now incontestable.

78.     The mark KINDRED is inherently distinctive, strong, famous, and deserving of a broad scope of protection.

79.     Defendant's KINDRED SPIRITS WEALTH MANAGEMENT and Plaintiff's KINDRED WEALTH private wealth management services practices are encountered by the same purchasers, in the same marketplace, under circumstances likely to give rise to the mistaken belief that the practices are related.

80.     Defendant infringes the KINDRED mark by using the KINDRED SPIRITS WEALTH MANAGEMENT name in commerce in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

81.     Defendant's KINDRED SPIRITS WEALTH MANAGEMENT private wealth management services practice is encountered by the same customers and potential customers under circumstances that could give rise to the mistaken belief that the products emanate from a common source.

82.     Defendant's use of the KINDRED SPIRITS WEALTH MANAGEMENT name is likely to cause confusion, to cause mistake, and to deceive, and has, upon

information and belief, in fact, caused confusion and mistake and deceived customers and potential customers.

83.     KINDRED SPIRITS WEALTH MANAGEMENT will continue to infringe the KINDRED mark and cause irreparable harm unless enjoined by this Court.

84.     There is no affiliation, connection, or association between Defendant and Plaintiff that would permit Defendant to infringe the KINDRED mark.

85.     Defendant's activities result in a violation of Section 32 of the Lanham Act, and, upon information and belief, Defendant's violation is and has been willful, intentional, and in conscious disregard of Plaintiff's rights.

86.     As a direct result of Defendant's unlawful conduct, Plaintiff has been and will continue to be irreparably and substantially harmed and injured.  Plaintiff is further entitled to all other remedies set forth in Sections 35 and 36 of the Lanham Act, 15 U.S.C. §§ 1117 and 1118.

87.     As a result of Defendant's violation of Section 32 of the Lanham Act, Plaintiff is entitled to recover damages of at least $75,000, the precise amount to be determined at trial.

**COUNT VI – TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114 – U.S. TRADEMARK REG. NO. 7,500,366 ("KINDRED WEALTH")**

88.     Plaintiff realleges the allegations in the preceding paragraphs as if fully restated in Count VI of this Complaint.

89.     This Count states a claim arising under Section 32 of the Lanham Act, 15 U.S.C. § 1114, and is an action for infringement of Plaintiff's KINDRED WEALTH mark.

90.     Plaintiff is the owner of U.S. Trademark Registration No. 7,500,366 for the mark KINDRED WEALTH, for use in "financial planning and investment advisory services."  The KINDRED WEALTH mark was registered on September 10, 2024.

91.     The mark KINDRED WEALTH is inherently distinctive, strong, famous, and deserving of a broad scope of protection.

92.     Defendant's KINDRED SPIRITS WEALTH MANAGEMENT and Plaintiff's KINDRED WEALTH private wealth management services practices are encountered by the same purchasers, in the same marketplace, under circumstances likely to give rise to the mistaken belief that the practices are related.

93.     Defendant infringes the KINDRED WEALTH mark by using the KINDRED SPIRITS WEALTH MANAGEMENT name in commerce in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.

94.     Defendant's KINDRED SPIRITS WEALTH MANAGEMENT private wealth management services practice is encountered by the same customers and potential customers under circumstances that could give rise to the mistaken belief that the products emanate from a common source.

16

95.    Defendant's use of the KINDRED SPIRITS WEALTH MANAGEMENT name is likely to cause confusion, to cause mistake, and to deceive, and has, upon information and belief, in fact, caused confusion and mistake and deceived customers and potential customers.

96.    KINDRED SPIRITS WEALTH MANAGEMENT will continue to infringe the KINDRED WEALTH mark and cause irreparable harm unless enjoined by this Court.

97.    There is no affiliation, connection, or association between Defendant and Plaintiff that would permit Defendant to infringe the KINDRED WEALTH mark.

98.    Defendant's activities result in a violation of Section 32 of the Lanham Act, and, upon information and belief, Defendant's violation is and has been willful, intentional, and in conscious disregard of Plaintiff's rights.

99.    As a direct result of Defendant's unlawful conduct, Plaintiff has been and will continue to be irreparably and substantially harmed and injured.  Plaintiff is further entitled to all other remedies set forth in Sections 35 and 36 of the Lanham Act, 15 U.S.C. §§ 1117 and 1118.

100.   As a result of Defendant's violation of Section 32 of the Lanham Act, Plaintiff is entitled to recover damages of at least $75,000, the precise amount to be determined at trial.

## <u>DEMAND FOR JUDGMENT</u>

WHEREFORE, Plaintiff demands judgment as follows:

A.    Preliminarily and permanently enjoining Defendant, its agents, servants, licensees, partners, affiliates, independent sales organizations, employees and assigns,

17

and all those acting under the authority of or in privity with them from infringing Plaintiff's KINDRED and KINDRED WEALTH marks, engaging in unfair competition, and violating the Lanham Act;

B.    Ordering Defendant to cease and desist from use of the name "KINDRED SPIRITS WEALTH MANAGEMENT" in connection with private wealth management services;

C.    Ordering Defendant to transfer to Plaintiff ownership of the https://www.kindredspiritswealthmanagement.com domain name, and any social media accounts it controls that use the KINDRED or KINDRED WEALTH marks.

D.    Ordering Defendant to destroy or otherwise render innocuous all sales and promotional materials bearing the KINDRED SPIRITS WEALTH MANAGEMENT name including, but not limited to, catalogs, marketing materials, brochures, advertisements, business cards, letters, postcards, and internet websites, and to ensure that any and all resellers destroy any such materials distributed to them by Defendant.

E.    Awarding Plaintiff damages in an amount greater than $75,000 in an amount to be established at trial.

F.    Trebling Plaintiff's damages pursuant to 15 U.S.C. § 1117(a).

G.    Awarding Plaintiff the profits Defendant obtained from sales under or in connection with the KINDRED and KINDRED WEALTH marks;

H.    Awarding Plaintiff its reasonable attorneys' fees under 15 U.S.C. § 1117 and any other applicable statute(s); and

18

I.      An award of such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable by right in accordance with Rule 38 of the Federal Rules of Civil Procedure.

**ANTHONY OSTLUND LOUWAGIE DRESSEN & BOYLAN P.A.**

Dated:  August 3, 2026

*/s/ Samuel L. Walling*

Daniel R. Hall (#395757)
Samuel L. Walling (#387147)
60 South Sixth Street, Suite 3900
Minneapolis, MN 55402
Telephone:  612-349-6969
dhall@anthonyostlund.com
swalling@anthonyostlund.com

**ATTORNEYS FOR PLAINTIFF MARK WOODY**

19